### INGLE v. NICOLA et al.   (No. 8181.)

Court of Civil Appeals of Texas. San Antonio.
March 13, 1929.

Herman G. Nami, and Douglas, Carter & Black, all of San Antonio, for appellant.

Hirshberg, Stone & Mueller and Seeligson & Seeligson, all of San Antonio, and Thomas, Storey & Grady, of Dallas, for appellees.

SMITH, J. This action was brought by the widow and surviving children of Albert Ingle, deceased, against Theodore Nicola and others. The action was for damages occasioned to the plaintiffs below by reason of the death of Albert Ingle, alleged to have been caused by the negligence of the defendants below. The plaintiffs alleged various elements and items of damages, including hospital and funeral expenses incurred by reason of the injuries to and death of the elder Ingle; these items amounting to $35.55 and $392.70, respectively, and aggregating $428.25.

The cause was submitted to a jury, but the issue of damages was so restricted in its scope as to exclude said items for hospital and funeral expenses. The plaintiffs did not object to the charge in this form, when submitted to their counsel for their objection, nor did the latter at that time request the submission of the omitted items. The charge in this form was read to the jury, the first argument was made to the jury, and the second argument had begun, whereupon, and at that juncture, the plaintiffs presented to the court a request for the submission of the omitted items. Apparently the court refused this request, the case went to the jury upon the charge as originally prepared and delivered, and the jury found for plaintiffs upon the elements of damage actually submitted. The Ingles have appealed upon the following agreement made by the parties:

"Be it remembered that at the trial of this cause plaintiff introduced evidence establishing the following items of expense incurred as alleged, to wit:

Otto Riebe Undertaking Company for funeral
  expenses in burying Albert Ingle.......... $392 70
Santa Rosa Infirmary hospital charges for
  Albert Ingle ................................   35 55

"It is agreed that the only questions at issue and for appeal are:

"(a) Could the trial court find those matters as facts, same not having been covered by special issues; that is, was the failure to request the submission of said issue by plaintiffs a waiver thereof? and

"(b) Was the request of plaintiffs to have said issue submitted (which was requested after the charge had been read and the sec-

ond argument had begun—said request being in the record) a waiver of said issue, and no objection for said omission of said issue having been urged to the main charge?"

We conclude that the true construction and effect of the agreement is that appellants established their right to recover the excluded items, but neglected to assert their remedy therefor by invoking a jury finding thereon at the time and in the manner required by law.

▮ It was incumbent upon appellants to object to the charge which omitted these elements from the issue of damages, and to make these objections when it was submitted to them for that purpose and before the charge was read to the jury. Appellants' admitted failure to make these objections at that juncture in the proceedings operated, under an express provision of the statute, as a waiver of those objections. Article 2185, R. S. 1925. And while by express statutory provision it is made the duty of the trial court, in cases submitted upon special issues, as this was, to "submit all the issues made by the pleading," yet "failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment." Article 2190.

▮ It appears from the agreement of the parties and from the recitals in the judgment that appellants requested the trial court to submit to the jury a special issue covering the omitted items, but this requested issue is not incorporated into the transcript, and its form is therefore not reviewable. It appears, from the agreed statement and from recitals in the judgment, that this special issue was not presented to the trial court until the main charge had been read to the jury and counsel were in the midst of the argument. It is recited in the judgment that appellants presented a motion for judgment in their favor for the omitted items, and that "the court, after considering said motion, overruled same because of the court's opinion that the items in question constitute an independent ground of recovery (precluding the court from making said finding) and because said issue was waived by requesting a special issue thereon in the midst of the argument." We conclude that this recital raises the conclusive presumption that appellants waived their right to have the issue submitted to the jury. We are thus relegated to the question of whether the trial court should have rendered judgment for the items in question, notwithstanding the absence of a jury finding thereon.

▮ It is not contended that the items in question were not such as may be recovered in this action, that they do not constitute proper elements of damage in the case. Appellees do assert that a showing is not made that the items were reasonable in amount and necessarily incurred, and that such showing is requisite to recovery. It is true that such showing is essential to recovery. The parties agreed that there was evidence "establishing" those items, and that the only questions to be determined on appeal are, first, Did appellants waive their right to a submission of that issue to the jury? and, second, Was the court authorized to find upon that issue without the intervention of the jury? We construe that agreement to mean that these items were conclusively established by the evidence as proper elements of damage, in the amounts specified. This being true, the issue was effectually taken from the jury, and, it now being agreed that the items in question were established, it was the duty of the court to incorporate them in the judgment. We think that these items were but incidents to the cause of action asserted by appellants, rather than independent causes of action; that appellees' liability for the death of the decedent being established, the items mentioned, being proven, were recoverable as a matter of law.

The judgment will be reformed accordingly, and, as so reformed, affirmed. We think the facts make it equitable to tax the costs of the appeal against appellant; and it is so ordered.