**LUCKEL et al. v. DE VOR et al.** (No. 9297.)

Court of Civil Appeals of Texas. Galveston.
May 1, 1929.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellants.
A. D. Dyess, of Houston, for appellees.

GRAVES, J. This concededly correct statement is taken from appellants' brief:

"Appellees, R. C. De Vor and wife, Marie De Vor, brought this suit in one of the District Courts of Harris County, Texas, against F. L. Luckel and L. C. Luckel, Jr., appellants, to recover damages growing out of an automobile collision at the intersection of Yoakum Boulevard and West Alabama Street in the City of Houston, on or about September 15, 1927, between a Buick automobile owned by

appellee, R. C. De Vor, and driven by his wife, Marie De Vor, and a Hudson touring car owned by F. L. Luckel and driven by L. C. Luckel, Jr.

"It was substantially alleged by appellees that L. C. Luckel, Jr., was driving the Hudson car while on a mission for F. L. Luckel and with his knowledge and consent, and that he was driving the same at a rate of speed in excess of Thirty-five (35) miles per hour; that he was driving from the east towards the west on West Alabama Street in the City of Houston, and that appellee, Marie De Vor, had the right of way because she was going in a north and south direction on a boulevard and because the car she was driving was to the right of the car being driven by the appellant, L. C. Luckel, Jr.; that due to the carelessness and negligence of L. C. Luckel, Jr., he did not see appellee, Marie De Vor, nor the car in which she was driving until he was within twelve or fifteen feet from her car and about to collide with it, when he applied his brakes, but too late to prevent his running into and overturning appellees' automobile, wrecking and crushing the wheels, running boards, fenders and body; breaking the wind shield glass and other glass windows thereof, and injuring the appellee, Marie De Vor, about the spine, back, hip, and cutting her about the hands.

"The appellees further alleged that the value of the Buick automobile almost immediately prior to the collision was Nine Hundred and Fifty dollars ($950.00), and that it was so completely wrecked that the same could never be placed in its former condition, and that the repairs which were necessary in order to restore the same to as near as possible its same condition, as it was prior to the accident, was a sum in excess of Four Hundred and Fifty Dollars ($450.00).

"Appellees further alleged that the Buick automobile was being daily used by appellee, R. C. De Vor, for pleasure and for business and had a fair rental value or use value to appellee of from five to ten dollars ($5.00 to $10.00) per day. There were other incidental damages alleged by appellees.

"Appellees in Paragraph VI of their petition, in summing up, alleged:

"'Plaintiffs, therefore, say that by reason of the negligence and carelessness of the defendant, L. C. Luckel, Jr., agent of the defendant, F. L. Luckel, in the driving and managing of said automobile at the time above alleged, defendant's said automobile struck plaintiff's automobile, over-threw and broke same and threw the plaintiff, Marie De Vor, out of her automobile whereby she was bruised and wounded and has been continually prevented from attending to her duties and plaintiffs have been put to great expense in the repairing of said automobile and in endeavoring to be healed of her own wounds in, to-wit: $500.00 and $750.00, respectively, which were reasonable amounts for such expenses, wherefore plaintiffs say that they have been damaged in the sum of $1,500.00.'

"On October 22, 1927, appellants filed their answer which consisted of general demurrer, special exception, and specific plea of contributory negligence.

"The appellants also filed a cross-action against the appellees alleging substantially that the Hudson automobile owned by appellant, F. L. Luckel, had before the collision a reasonable market value of Nine Hundred Dollars ($900.00), and that the value of the car immediately after the accident was not over Two Hundred and Fifty Dollars ($250.00). It is further alleged by appellants in their cross-action that appellee, Marie De Vor, was driving the Buick automobile at the time in question at an excessive rate of speed, and at a rate of speed of about thirty to thirty-five miles per hour, and that she negligently and suddenly turned her car to go west on Alabama Street, and that then she suddenly turned again to the left and immediately swerved her car to the left to go on Yoakum Street, and at a high rate of speed ran her car into the curb and immediately in front of appellants' car, and did so in a careless and negligent manner, and thereby caused the collision of the two cars.

"Appellants further alleged that when they discovered the situation of the cars, they immediately turned their Hudson car to the left as they properly should have done, and were in the act of making a complete turn to go south on Yoakum Street to avoid colliding with the appellees' car, had the appellee, Marie De Vor, turned her car to the right as she started to do, and had she gone west on West Alabama, the collision would have been entirely avoided, but that appellee, Marie De Vor, irrespective of the rights of appellants, suddenly changed her course and with great force ran between appellants' car and the curb on the southwest corner of the intersection of the two streets, and negligently and carelessly collided with appellants' car.

"Appellants prayed to recover damages against appellees under their cross-action.

"No citation was issued on appellants' cross-action and appellees did not file any character of answer to it.

"The case was tried on March 28, 1928, before a jury and was submitted on special issues covering the negligence of appellants and the contributory negligence of appellee, Marie De Vor.

"The jury found that the appellant, L. C. Luckel, Jr., in approaching the intersection of West Alabama and Yoakum Boulevard, failed to keep a proper lookout for cars entering or about to enter the intersection, and that such failure was a proximate cause of the injuries to appellee, Marie De Vor, and the damage to the automobile. The jury fur-

ther found that the appellant, L. C. Luckel, Jr., was driving the Hudson automobile in excess of twenty miles per hour, and that such rate of speed was the proximate cause of the alleged accident and injuries.

"In response to Special Issue No. 5 the jury found that the reasonable fair cash market value of appellees' Buick car just prior to the alleged accident was the sum of Eight Hundred and Fifty Dollars ($850.00), and in response to Special Issue No. 6, the jury found that its market value was not entirely destroyed by reason of the collision. The jury found in response to Special Issue No. 7 that the reasonable and necessary charges and expenses for labor and material in the repair of the Buick automobile was Four Hundred and Sixty Dollars and Seventy-five Cents ($460.-75). In response to Special Issue No. 8, the jury found that the damages for personal injuries sustained by the appellee, Marie De Vor was the sum of One Hundred Dollars ($100.00).

"Special Issues Nos. 9 to 19, inclusive, relating to the contributory negligence of appellee, Marie De Vor, were answered favorably to appellees. Special Issue No. 20 called for a finding on the question of unavoidable accident, and was answered favorably to appellees.

"Special Issue No. 21 called for a finding as to the fair cash market value of appellant, F. C. Luckel's, Hudson car just prior to the alleged accident, and in response to this issue the jury found its value to be Eight Hundred Dollars ($800.00).

"Special Issue No. 22 called for a finding as to the reasonable fair cash market value of the Hudson automobile immediately after the accident, and the jury found the same to be Four Hundred and Fifty Dollars ($450.00).

"Special Issues Nos. 23 to 28, inclusive, also called for findings with respect to the contributory negligence of the appellee, Marie De Vor, which were answered favorably to her.

"Appellants then filed their objections to the Court's charge.

"On the 27th day of June, 1928, the court granted the motion of appellees and entered judgment for appellees and against appellants for the sum of Seven Hundred Four Dollars and Twenty-five Cents ($704.25).

"Of the amount of the judgment, Four Hundred Sixty Dollars and Seventy-five Cents ($460.75) was for labor and material in the repair of the automobile; One Hundred Dollars ($100.00) damages for personal injuries suffered by appellee, Marie De Vor; One Hundred Five Dollars ($105.00) the cash rental value of appellees' car for twenty-one days at Five Dollars ($5.00) per day; Ten Dollars ($10.00) doctor bills paid Dr. Spurlock; Two Dollars and Fifty Cents ($2.50) ambulance hire; Fourteen Dollars and Twenty-five Cents ($14.25) hospital bill; One Dollar and Seventy-five Cents ($1.75) for medicine, and Ten Dollars ($10.00) towing.

"The judgment further provided that the appellant, F. L. Luckel, should not recover on his cross-action, and that all issues not otherwise expressly adjudicated were found in favor of appellees and against appellants."

On the appeal it is contended, first, that the giving of this explanatory instruction to the jury was reversible error, "In connection with issues submitting contributory negligence you are instructed that where a plaintiff has been suddenly placed in a position to him of apparent danger to life or bodily injury ·by the negligence, if any, of another, whereby he becomes terrorized and frightened, such person would not be guilty of negligence because of his failure to act prudently under such circumstances, even though, had he acted otherwise, he would have been uninjured," for three reasons: (1) Notwithstanding such a development of a perilous position, the plaintiff was not relieved from the duty of exercising that degree of care which an ordinarily prudent person would have exercised in the circumstances; ·(2) it was neither pleaded nor proved that any act of appellants so terrorized or frightened plaintiff; (3) if such issue was raised, it should have been submitted to the jury as an inquiry of fact, the instruction given being upon the weight of the evidence.

 The contention cannot be sustained. In the first place, there was no objection at the time presenting either of the first two grounds of criticism now urged against the instruction. In the second place, the whole matter is immaterial,· because the jury found adversely to appellants every fact alleged by them as constituting contributory negligence on the part of Mrs. De Vor, thereby determining that she did none of the things charged in that connection, wherefore the instruction, even if it had been erroneous, could have done them no harm. That is, appellants alleged contributory negligence against her in these respects only: (1) That she was driving at an excessive rate of speed, about 30 or 35 miles per hour; (2) that, on seeing them approaching, she first turned to the right apparently to go west on West Alabama street, then suddenly turned to the left, immediately swerving her car in that direction to go south on Yoakum Boulevard, and, at a rapid and excessive rate of speed, ran her car into the curb directly in front of appellants' car; (3) general averments to the possible effect that, on approaching the intersection of the two streets, she stopped, then suddenly stepped on the gas, and shot in front of their car. Special issues 9, 11, 14, and 17, submitting every phase of these charges, together with the jury's answers, were as follows: ·

"No. 9. Was the plaintiff, Mrs. Marie De Vor, at the time of the accident driving at a

rate of speed in excess of twenty miles per hour? No."

"No. 11. Did the plaintiff, Mrs. Marie De Vor, discover the approach of defendant's car in time to have avoided the accident, by turning and driving to the right on West Alabama Street? No."

"No. 14. Did the plaintiff, Mrs. Marie De Vor, after seeing the approach of the Hudson car, turn her car slightly to the right, as if to turn down West Alabama Street, and then turn back so as to go down Yoakum Boulevard? No."

"No. 17. Did the plaintiff, Mrs. Marie De Vor, after discovering the perilous situation, if she did so, fail to use every means available to her to avoid the collision of the cars? No."

It is next urged that the court reversibly erred in finding, independently of the verdict on the issues submitted to the jury, that the $460.75 and $105 items so allowed in the judgment represented, respectively, (1) a sum less than the market value of the De Vor automobile immediately before and immediately after the accident, and (2) the reasonable rental value thereof during the 21 days it was undergoing repair, because (1) there were no pleadings supporting the first of these findings, nor any evidence sustaining either, and (2) in any event, they both were independent grounds of recovery that should have been submitted as fact issues to the jury.

This presentment misconstrues the opposing cause of action, the difference in value before and after injury not having been the objective; the appellees were only seeking recovery for the necessary and reasonable amount they claimed had actually been expended for repairs on their car, together with the rental value thereof while deprived of its use, and, neither party having requested the submission of an issue as to the difference in its value immediately before and immediately after the accident, and the undisputed evidence having shown not only that the $460.75 expended for repairs was less than this difference in values, but also that the $105 was its reasonable rental value while repairs were being made, the court did not err in either of the particulars complained of, the measure of damages applied being the true one in Texas under such circumstances. Rev. St. 1925, art. 2190; Chicago, R. I. & G. Ry. Co. v. Zumwalt (Tex. Com. App.) 239 S. W. 912; Schmoker v. French (Tex. Civ. App.) 7 S.W.(2d) 177; Milby Auto. Co. v. Kendrick (Tex. Civ. App.) 8 S.W.(2d) 743.

Appellants' seventh proposition, to the effect that none of the issues submitted to the jury were sustained by the evidence, is too general to require consideration; but if it were considered, it could not be upheld, since the verdict on all the issues had sufficient support in both the pleadings and proof.

Lastly, it is claimed judgment should have been rendered in appellants' favor for the amount of damages the jury found their car had sustained in the collision, since the appellees, being in court for all purposes, did not answer appellants' cross-action seeking such a recovery against them; a complete answer to this is that, not only did they fail to prove any act of negligence on appellees' part proximately causing any of the damage they so sustained, but the findings of the jury affirmatively acquitted the latter of all responsibility for it.

These conclusions require an affirmance of the trial court's judgment; that order has been entered.

Affirmed.