**TAYLOR–LINK OIL CO. v. ANDERSON.**

No. 8167.

Court of Civil Appeals of Texas. Austin.

March 4, 1936.

Rehearing Denied April 1, 1936.

pellee $1 per foot for drilling the well to the depth of 1,700 feet and for any additional depth at the same rate of pay; and also provided that if the well proved to be a dry hole, appellee would plug it in accordance with the rules and regulations of the Railroad Commission, appellant agreeing to pay one-half of the expense of plugging the well. Appellee alleged that he drilled the well in compliance with the contract to a depth of 1,730 feet; that the well was accepted as a dry hole; and that he plugged same in accordance with the rules and regulations of the Railroad Commission at the reasonable expense of $80. Appellee also sued for an item of $60 as the purchase price of an oil tank sold by him to appellant. He alleged that the drilling contract was completed in July, 1931; that under its terms and for the oil tank appellant was due him the sum of $1,830, which sum appellant refused to pay, to appellee's damage in the sum of $2,000; and appellee prayed for interest at the rate of 6 per cent. on the amount due from and after January 1, 1932. Appellant answered by a general denial; a plea of payment of $500 on the drilling contract; a plea of set-off or counterclaim of an alleged indebtedness of $1,325.67 against appellee, which was alleged to have accrued under another contract as expense of equipping and operating an oil well, executed by appellant and Yount Lee Oil Company on the one hand and appellee on the other, appellant alleging that Yount Lee Oil Company had assigned its interest in the alleged indebtedness to appellant. Appellant also alleged that appellee had not plugged the well in accordance with the terms of the contract sued upon or in accordance with the rules and regulations of the Railroad Commission, and for that reason appellant had elected to terminate, cancel, and hold for naught the contract sued upon as authorized by the terms of the contract.

J. P. Farrell and W. H. Lipscomb, both of San Angelo, for appellant.

John O. Harris, of Coleman, for appellee.

BLAIR, Justice.

Appellee, G. R. Anderson, sued appellant, Taylor-Link Oil Company, to recover the amount due on a written contract to drill an oil well, which contract was attached to and made a part of the petition and provided that appellant would pay ap-

The case was submitted to the jury upon three special issues, all of which were answered favorably to appellee. Issues Nos. 1 and 2 submitted the issue of whether appellant had paid $500 on the contract in the manner alleged. The jury found that the payment was not made as alleged, which finding was fully supported by the evidence, and concluded the plea of payment of $500 on the contract against appellant. Issue No. 3 submitted the disputed issue of whether appellee had plugged the well in accordance

with the rules and regulations of the Railroad Commission. The jury answered in the affirmative; and since their finding was fully supported by the evidence, the issue was therefore concluded against appellant. Appellant sought to offer in evidence in support of its plea of set-off or counterclaim a purported verified account of the indebtedness alleged to be due by appellee. The trial court correctly refused to admit the purported verified account in evidence, and appellant having offered no other proof of said indebtedness, no issue was submitted nor requested submitting the plea of set-off or counterclaim. In accordance with the above findings of the jury and the undisputed evidence, judgment was rendered for appellee for the sum of $1,830, being $1,730 for drilling the well to the depth of 1,730 feet at the contract price of $1 per foot; $40 as one-half the expense of plugging the well; and $60 as the purchase price of the oil tank. Appellee also recovered $247 as the interest due on the $1,830 from and after January 1, 1932, the total judgment being for the sum of $2,077.

Appellant presents several assignments of error and several propositions, neither of which is sustained. Only two defenses were pleaded by appellant to the contract sued upon: (1) A plea of payment of $500; and (2) a plea that appellee had not plugged the well in accordance with the provisions of the contract. Both of these issues were concluded against appellant by the jury.

 But appellant contends that there were no jury findings as to the amount due appellee on the contract, and therefore no basis for the judgment. Appellant made no objection to the court's charge, nor requested that any issue be submitted to the jury to determine the amount due appellee on contract or for the oil t‑‑nk. In its pleadings and defense of the case, appellant proceeded on the theory that the well had been completed a dry hole; but that appellee had been paid $500 and had not plugged the well. Appellee testified that the well was completed a dry hole at the depth of 1,730 feet. This testimony was in no way controverted. Appellee also testified and offered other proof that he had plugged the well in accordance with the rules and regulations of the Railroad Commission at an expense of $80. The amount of this expense was in no way controverted, and other evidence showed that $100 would have been a reasonable expense for plugging the well. Appellant in no way controverted the amount of this expense; but merely offered evidence tending to show that appellee had not effectively plugged the well, and that oil and gas were still seeping therefrom. Appellee also testified that appellant purchased an oil tank from him for $60, giving him a requisition for the purchase price at the time, which had not been paid. Appellant in no way controverted this evidence. The contract for drilling the well was offered in evidence. It provided that appellant would pay appellee $1 per foot for drilling the well and one-half the expense of plugging same if a dry hole. Judgment was therefore rendered for $1,830, being the total of the three items sued for: (1) $1,730 for drilling the well 1,730 feet at $1 per foot; (2) $40 as one-half of the $80 expense of plugging the well; and (3) $60 for the purchase price of the oil tank.

The controverted defenses urged by appellant to the contract sued upon were submitted by special issues to and by the jury determined against it; and since appellant in no way controverted the amount of either item sued for, and made no request that a special issue or issues be submitted to the jury to determine the uncontroverted amount due on each item sued for, the trial court correctly rendered judgment for the total of the three items, although there was no jury finding as to the amount of the three items. This view is sustained by the cases which hold that undisputed matters should never be submitted to the jury where the case is tried on special issues. Luckel v. DeVor (Tex.Civ.App.) 17 S.W.(2d) 1097; Texas Employers' Ins. Ass'n v. Russell (Tex.Civ.App.) 16 S.W.(2d) 321; Ingle v. Nicola (Tex.Civ.App.) 15 S.W.(2d) 129; Liverpool, etc., Ins. Co. v. Cabler (Tex. Civ.App.) 271 S.W. 441. There was no doubt or suspicion cast upon the amount due on either item sued for by appellee, and the case comes clearly within the rule announced by this court in Luling Oil & Gas Co. v. Edwards, 32 S.W.(2d) 921, 926, as follows: "The rule that the uncorroborated testimony of interested witnesses, although not controverted, does not conclusively establish a fact, is not applicable where the nature of the testimony is such that it might readily be discredited, if it were not true, and the adverse party offers no disparaging proof whatever."

 Appellant raises the same objection to the judgment for $247 as interest from and after January 1, 1932, on the amount due appellee on the contract and for the purchase price of the oil tank. It

contends that since interest was sued for as damages, the jury must determine the amount of such damages. Interest at the rate of 6 per cent. per annum on the amount due on the contract and on the purchase price of the oil tank was recoverable as a matter of law from and after the date same became due. The amount due appellee was uncontroverted and judgment was accordingly rendered for appellee for the amount sued for; and it required a mere mathematical calculation to determine the amount of interest due thereon from and after January 1, 1932. This question has been settled against the contention of appellant by numerous cases. Ewing v. Wm. L. Foley, Inc., 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627; Texas Power & Light Corporation v. Kuehler (Tex.Civ.App.) 34 S.W.(2d) 381; Western Union Tel. Co. v. Eckhardt (Tex.Civ.App.) 2 S.W.(2d) 505, 509; Atkinson v. Jackson Bros. (Tex.Civ.App.) 259 S.W. 280; Phillips v. Jones (Tex.Civ.App.) 283 S.W. 298; Shield Co., Inc., v. Carter (Tex.Civ.App.) 58 S.W.(2d) 1068.

■■ Appellant contends that the trial court erred in excluding the purported verified account attached to its answer as evidence of the indebtedness sought to be recovered against appellee under the plea of set-off or counterclaim. It is perfectly apparent that appellant's suit for set-off or counterclaim was not one upon open account within the contemplation of article 3736 (as amended by Acts 1931, c. 239, § 1 [Vernon's Ann.Civ.St. art. 3736]), but it was a suit upon a special contract between appellant and Yount Lee Oil Company, on the one hand, and appellee, on the other, which provided that the "expense of providing and erecting equipment necessary for the operation of such commercial oil or gas well and the expense of operating the same to be borne equally, one-half by each of the parties herein"; appellant further alleging that the items listed in the account were those furnished under this contract, and for which amount appellee became liable as one-half of the expenses of providing and erecting equipment necessary for the operation of the well. The contract was attached to and made a part of the plea of set-off and counterclaim. The law is well settled that where the suit is upon a contract for reimbursement of expenses incurred in carrying out the contract, such as furnishing material for building a rig and derrick, and other expenses incident to a contract to drill and equip an oil well, or a contract to pay the necessary expenses of any particular thing, the suit is not a statutory action on open account, and hence a sworn itemized list of such expenses is not an open account within the meaning of the statute making a verified open account prima facie evidence. Schucht v. Stidham (Tex.Civ.App.) 37 S.W.(2d) 214; Willacy County v. Central Power & Light Co. (Tex.Civ.App.) 73 S.W.(2d) 1060; Hulme v. Levis-Zuloski Mercantile Co. (Tex.Civ.App.) 149 S.W. 781; Maxwell v. Winner Gas Stove Co. (Tex.Civ.App.) 263 S.W. 944.

■■ But appellant further contends that if the itemized account is not a verified account within the contemplation of article 3736, then it was admissible in evidence as the duly authenticated records of a corporation under the provisions of article 3737, Revised Statutes 1925. This contention is not sustained. Article 3737 makes certain authenticated records of the corporation admissible in evidence as acts of the corporation itself, but the statute has no application to transactions or contracts of the corporation evidencing its ordinary dealings or contracts with third parties. Nor does the fact that officers of an alleged corporation which was not a party to this suit certified that their books revealed certain transactions or contracts between said corporation and appellee in any manner establish the plea of set-off or counterclaim alleged to be represented by the itemized list which was attached as a part of the plea of set-off or counterclaim.

■ It necessarily follows that since appellant's plea of set-off and counterclaim was not aided by the itemization and verification of the claim which was not admissible in evidence, and since appellant, under the necessity of alleging and proving its set-off or counterclaim fully, specifically, and positively as in any other character of action, failed to do so, the trial court correctly concluded the plea of set-off or counterclaim against appellant. Willacy County v. Central Power & Light Co., supra.

The judgment of the trial court will be affirmed.

Affirmed.