**HORTON et al. v. SCHULTZ.**

No. 10902.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 19, 1941.

Edward L. Dunlap, of Victoria, for appellants.

W. L. Edwards and Eugene H. Houchins, both of Victoria, for appellee.

MURRAY, Justice.

This suit was instituted by Herman Schultz against W. J. Horton and Hill E. Ratliff seeking to recover damages for injuries to his automobile alleged to have been caused by defendants when a truck owned by defendants collided with plaintiff's automobile upon a public highway.

The cause was submitted to a jury upon eighteen special issues and, in keeping with the answers of the jury, judgment was rendered in plaintiff's favor in the sum of $575.

W. J. Horton and Hill E. Ratliff have prosecuted this appeal.

 Appellants first contend that it was reversible error for the trial court to permit the witness August Dolejsi to testify as to the cost of repairs made upon appellee's automobile. This witness first testified that appellee's automobile immediately before the collision was of the market value of $800, and immediately after the collision, of the value of $240 or $250. He was then permitted, over appellants' objection, to testify that the repair bill on appellee's automobile was $575, and that the charges were reasonable. In this we find no error. It is true that in this State the measure of damages in such cases is the difference in market value of the automobile just before and immediately after the collision, nevertheless, the reasonable cost of necessary repairs to the injured automobile should shed considerable light upon the question of this difference of market value. White v. Beaumont Imp. Co., Tex.Civ.App., 21 S.W.2d 559, 561; Union City Transfer Co. v. Texas & N. O. Ry. Co., Tex.Civ.App., 55 S.W.2d 637; Northern Texas Traction Co. v. Singer, Tex.Civ.App., 34 S.W.2d 920; Monzingo v. Jones, Tex.Civ.App., 34 S.W.2d 662; Luckel v. De Vor, Tex.Civ.App., 17 S.W.2d 1097; Texas Power & Light Co. v. Hale, Tex.Civ.App., 276 S.W. 746, reversed on other grounds Tex.Com.App., 283 S.W. 495.

Appellants next complain because special issue No. 17 was submitted to the jury. Said issue reads as follows:

"What do you find from a preponderance of the evidence was the difference between the reasonable market value of the automobile belonging to the plaintiff, Herman Schultz, immediately before and immediately after the collision in question?

"Answer this question in dollars and cents, if any, as you may find."

 There was evidence raising this issue and it was properly submitted to the jury, but even if the evidence was insufficient we cannot conceive how the mere submission of the issue to the jury could constitute reversible error. Art. 2190, Vernon's Ann.Civ.St. provides in part: "A claim that the evidence was insufficient to warrant the submission of any issue may be complained of for the first time after verdict, regardless of whether the submission of such issue was requested by the complaining party."

And Art. 2211, Vernon's Ann.Civ.St. further provides in part: "* * * and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence."

 A litigant, thus having an ample opportunity to attack any special finding of a jury which is not supported by the evidence, is not in a position to contend that his rights have been prejudiced by the mere submission of an issue to the jury.

There might be some questions so inflammatory or suggestive that the mere submission of them to the jury would constitute prejudicial error, but certainly the question herein complained of is neither inflammatory nor suggestive.

 Appellants next complain of the failure of the court to define the term "reasonable market value." We conclude that, under the record here presented, there was no error in failing to define this term.

The judgment is affirmed.