**DIAL FINANCE & THRIFT COMPANY
et al., Appellants,**

v.

**Lillian M. DENNIS, Appellee.**

**No. 7472.**

Court of Civil Appeals of Texas.

Amarillo.

May 31, 1965.

Rehearing Denied June 28, 1965.

Clayton, Kolander, Moser & Templeton, Amarillo, for appellants.

Connally Lockhart and Henry Ray, Amarillo, for appellee.

DENTON, Chief Justice.

Lillian M. Dennis brought suit against Dial Finance & Thrift Company of Amarillo and Bernard Justus, its local manager, to recover money fraudulently collected by the defendants; for unreasonable collection methods; and for usurious interest. The

case was submitted to the jury on the issue of fraudulent collection of money and exemplary damages. The trial court, after finding the plaintiff suffered uncontroverted and liquidated actual damages of $68.58, entered judgment for that amount and awarded plaintiff $3,250.00 exemplary damages.

In December of 1959 Mrs. Dennis and her husband, Leonard Dennis, signed a note in the amount of $900.00 payable to the appellant finance company in eighteen monthly installments. A chattel mortgage was taken on the Dennis furniture. The Dennises were divorced March 30, 1960, and it was agreed that Mr. Dennis would pay off the note. After the divorce Mrs. Dennis decided to move to Santa Fe, New Mexico. On May 28, 1960, she informed Justus of this fact, and received his permission to take the furniture with her with the understanding Mrs. Dennis would make the payments if her former husband failed to do so. In the meantime Mr. Dennis had made six payments totalling $250.00. In the latter part of July Dennis and Justus discussed the note and on July 27, 1960, Dennis mailed a check to the appellant company in the amount of $550.00 with the notation "Acct. in full" placed on the check. Appellants timely received and accepted the check. Dennis testified this payment was made when Justus told him "he would accept $550.00 in full settlement of this account." Mrs. Dennis testified that a few days later, on or about August 1, 1960, Justus called her at the place of her employment in Santa Fe and informed her there was a balance due of $100.00 and demanded that she pay. During a second telephone conversation with Justus she related that he agreed to settle the claim for $68.58. Mrs. Dennis paid this amount on August 10, 1960. Prior to the time this payment was made Mrs. Dennis testified she was contacted by telephone by a Mr. Elliott, the manager of a Santa Fe loan company, in behalf of appellants. He too demanded payment. Mrs. Dennis then sold her deep freezer and paid the $68.58 to cancel the note.

In response to special issues the jury found (1) Justus agreed to settle and discharge the note upon payment of $550.00 by Leonard Dennis; (2) that Justus subsequently represented to Mrs. Dennis that the note was unpaid; (3) that said representation was fraudulently, maliciously, and wilfully made; (4) that Mrs. Dennis relied on the representation; and (7) that Mrs. Dennis was entitled to $3,250.00 exemplary damages. No special issues were submitted on appellee's allegations of usury or unreasonable collection efforts.

■ Appellants' first group of points of error contend the trial court erred in making a finding that appellee sustained actual damages in a jury case in violation of Rule 279, Texas Rules of Civil Procedure, and in rendering judgment for the amount so found in the absence of a jury finding. The record reflects that appellee did not request an issue on actual damages or the amount thereof. After reciting that the jury verdict awarded appellee a recovery a $3,250.-00 for exemplary damages, the court's judgment provided:

"and it being the further opinion of the court, based upon the findings of the jury in the special issues and charge on file in this cause, which findings have been received by the court and filed and entered of record, that the plaintiff, Lillian M. Dennis, herein, in addition to the damages found and assessed by the jury in its verdict, is entitled to and should recover judgment of this court for actual damages, uncontroverted and liquidated, in the amount of $68.58."

It is well settled that exemplary damages may not be recovered unless the plaintiff is shown to have sustained actual loss or injury. 17 Tex.Jur.2d, Damages, Section 177, and the numerous authorities cited therein; 17 A.L.R.2d 257. Thus, whether or not Mrs. Dennis suffered actual damages is an ultimate issue and is a prerequisite to the recovery of exemplary damages. The question then is whether or not the issue of actual damages was one the trial court

was justified in not submitting to the jury and making an independent finding thereof.

Plaintiff's cause of action as submitted was one to recover money fraudulently collected by defendants. It was based on the theory of accord and satisfaction and fraudulent representation. In the absence of a finding of fact that the defendants agreed to settle and discharge the note by the $550.00 payment, there would have been an amount due on the note. That is to say, whether or not appellee and her husband did in fact owe on the note depended on whether or not the note had been settled and discharged. It is uncontroverted the full amount of the note had not been paid. Whether or not the note had been settled and discharged was a question of fact and the trial court so considered it. We agree that the amount of actual damages that appellee suffered, if any, was liquidated. It is admitted Mrs. Dennis paid appellants $68.58, and if she and her husband owed them nothing, this is the amount of damages she actually sustained. The jury verdict constituted a finding appellee did in fact sustain an actual loss. The amount of such loss was the amount she paid after the note was settled and discharged. This amount was liquidated and is not controverted by the evidence. It is not incumbent on the trial court to submit special issues on questions about which there is no controversy. National Security Life & Casualty Co. v. Benham, (Tex.Civ.App.), 233 S.W.2d 334, (Refused, NRE). In such cases the trial court may render an independent finding where the evidence of such issue is uncontroverted and susceptable of only one answer. Ft. Worth & D. C. R. Co. v. Jenkins, (Tex.Civ.App.), 42 S.W.2d 267; Ingle v. Nicola, (Tex.Civ.App.), 15 S.W.2d 129; Lone Star Life Ins. Co. v. Kunath, (Tex. Civ.App.), 322 S.W.2d 673. Appellants' first eleven points of error are overruled.

Appellants next attack the trial court's judgment on the ground there is no evidence to support the jury verdict. After finding the appellants agreed to settle and discharge the note upon the payment of $550.00 by appellee's former husband, the jury found appellants' representation to appellee that the note was not paid was fraudulently, maliciously and wilfully made. This is the only basis upon which the recovery of exemplary damages can be supported. The charge to the jury contained the following definition and special instruction:

"In connection with the above and foregoing Special Issue, you are instructed that a 'malicious act' is defined as 'a wrongful act intentionally done without legal justification or excuse; an unlawful act done willfully or to injure another'."

"* * * you are instructed that exemplary damages may be assessed as punishment for a wrongful act done, if any. In awarding such damages, if any, you may consider mental distress and suffering, if any, of the plaintiff; the sense of wrong and insult, if any, to which Plaintiff was subjected as a result of the wrongful act, if any. The amount to be fixed, if any, is in the sound discretion of the jury."

In Ware v. Paxton, Tex., 359 S.W.2d 897, the Supreme Court again quoted with approval the following excerpt from 25 C. J.S. Damages § 123, Page 726:

" 'The fact that an act is unlawful is not of itself ground for an award of exemplary or punitive damages. The act complained of not only must be unlawful but also must partake of a wanton and malicious nature, or, as sometimes stated, somewhat of a criminal or wanton nature, and an act will not be deemed malicious, and so warranting punitive damages, merely because it is unlawful or wrongful.' "

We must therefore determine if there is any evidence to support the jury finding of malice and exemplary damages in the light of this statement of the law. This question must relate only to the cause of

action submitted, that is, the alleged fraudulent collection of money. Thus, the question of whether or not there is any evidence to support the jury finding of malice and exemplary damages must be confined to this issue only.

Appellant Justus' representation is shown only by Mrs. Dennis' testimony. She testified Justus called her by long-distance telephone on or about August 1, 1960, which was three days after Mr. Dennis paid $550.00 on the note. She related the conversation as follows:

"He said that Leonard came in and gave him a check for $500.00, and that there was a balance left of $100.00 and he wanted to know if I could pay that $100.00. I said I couldn't pay it because I had just got out of the hospital, and that that was my first day back to work. And he asked me if I couldn't borrow it from my brother-in-law or some relative and I said, 'No, I couldn't.' And he told me to think it over and that he would call me back in a couple of days, or he would have to pick up my furniture."

After testifying he called her again a few days later, she described his conversation:

"He wanted to know if I could get the money, and I told him I still couldn't pay a couple of hundred dollars. And he said, 'well, I will give you a break,' he said, 'rake up $68.58'."

She added in response to a direct question:

"Well, he said that if I couldn't pay the $68.58 that he would have to pick up my furniture within two weeks."

Mrs. Dennis had no further conversation with Justus; but Elliott of a Santa Fe finance company did contact her by phone in behalf of appellants. He inquired if she could borrow the money, and after being told she could not, he informed her the furniture would be picked up in two weeks if she could not pay. She paid the amount of $68.58 on June 10, approximately ten days after Justus first contacted her. This is all of the evidence presented either on the matter of fraudulent representation or on unreasonable collection methods. After a careful consideration of this record, we conclude that there is no evidence to support the jury finding of malice or exemplary damages. The representation came in Justus' first telephone call. By Mrs. Dennis' own testimony he informed her of her former husband's large payment although she stated he told her it was a payment of $500.00 rather than $550.00. There was no extended campaign of harassment and intimidation often found in this type of case. Neither was there any evidence of abusive language. The whole transaction took place within a period of ten days. Even though it may be said the representation was made that the note was unpaid, the most that can be concluded is that the representation was wrong. This is not a sufficient basis for an award of exemplary damages. Ware v. Paxton, supra. The action complained of must be "wanton and malicious" or "as sometimes said, somewhat of a criminal or wanton nature." We think the facts as reflected in this record fall far short of this well-settled rule of law. We therefore conclude, and so hold, there is no evidence to support the jury finding of malice and the award of exemplary damages.

Because of the disposition of this case, we do not deem it necessary to pass on the other points of error.

The judgment of the trial court is therefore affirmed as to the award of $68.58 actual damages, but reversed and rendered as to the award of $3,250.00 exemplary damages.