**DIAL FINANCE & THRIFT COMPANY et al., Appellants,**

v.

**Lillian M. DENNIS, Appellee.**

No. 7472.

Court of Civil Appeals of Texas.

Amarillo.

May 30, 1966.

Clayton, Kolander, Moser & Templeton, Amarillo, for appellants.

Lockhart & Wilds, Henry T. Ray, Amarillo, for appellee.

DENTON, Chief Justice.

This cause, an action for the recovery of money fraudulently collected and for exemplary damages, was before this court as reported in 392 S.W.2d 717. The Supreme Court reversed this court's judgment as reported in 401 S.W.2d 803 and directed this court to consider appellant's point of error which contends the amount of exemplary damages awarded by the jury is excessive. We make reference to both prior opinions for a full statement of the case.

■ Actual damages were found by the trial court to be the sum of $68.58 and the jury awarded appellee $3250.00 exemplary damages. Appellant places emphasis on the relationship of the actual damages and the amount of the recovery of exemplary damages. The ratio between the two is approximately 47 to 1. While the courts have never placed an exact ratio between actual and exemplary damages, the cases hold that exemplary damages should be reasonably proportioned to the actual damages sustained; 17 Tex.Jur.2d, Section 187, page 256 and

cases cited. The ratio must necessarily be determined from the facts of a particular case in order to determine whether or not the award was made as a result of passion and bias. Cotton v. Cooper (Tex.Comm. App.) 209 S.W. 135 (Opinion adopted). Houston-American Life Insurance Company v. Tate (Tex.Civ.App.) 358 S.W.2d 645. Lyon v. Wood (Tex.Civ.App.) 363 S.W.2d 179. Schutz v. Morris (Tex.Civ.App.) 201 S.W.2d 144.

■ Many cases could be cited which have both upheld and declared excessive various amounts of exemplary damages. However, each case must finally be determined on the facts and circumstances of the particular case. After reviewing the facts of this case, summarized in the prior decisions, we are of the opinion the award of $3250.00 exemplary damages is excessive by the sum of $2250.00. Therefore, under Rule 440, Vernon's Ann.Texas Rules of Civil Procedure, this court is under a duty to reverse and remand this case unless appellee files a remittitur of $2250.00 within ten days from the date of this opinion. In the event such remittitur is filed within that time, the judgment of the trial court will be affirmed as reformed.

Affirmed on condition of remittitur.

### SUPPLEMENTAL OPINION

The appellee has timely filed a remittitur of $2250.00 in compliance with this court's opinion of May 30, 1966. The judgment of the trial court is reduced by the amount of the remittitur and reformed so as to provide recovery only against appellant Dial Finance & Thrift Company for exemplary damages. The judgment, as so modified and reformed, is affirmed with costs of this appeal assessed equally against appellee and appellant Dial Finance & Thrift Company.