**HOFFMANN, Tax Collector, v. WOOD.***
(No. 8434.)

(Court of Civil Appeals of Texas. Galveston. Jan. 8, 1924. Rehearing Denied Jan. 31, 1924.)

**1. Taxation ⊂⊃526—Property owner may obtain release of his property by paying sum due for taxes before delinquent tax records are completed.**

The reference in Vernon's· Ann. Civ. St. Supp. 1922, art. 7687a, providing that the tax collector shall accept offer of payment of taxes on any parcel of land as shown by the "delinquent tax records" of the county, does not restrict its operation to property and taxes appearing upon such delinquent records as provided for in Vernon's Sayles' Ann. Civ. St. 1914, art. 7685, but the annual lists and reports provided for in the former article are included in the term "delinquent tax records," and the property owner is not required to wait until the delinquent tax records provided in article 7685 are completed in order to obtain a release of his property by the payment of the sum due thereon for taxes.

**2. Taxation ⊂⊃507—Constitutional tax lien attaches only to each separate tract or parcel for taxes assessed against land.**

The lien provided by Const. art. 8, § 15, attaches only to each separate tract or parcel of land for the taxes assessed against it.

Appeal from District Court, Washington County; R. J. Alexander, Judge.

Mandamus by Mrs. Alma Hosea Wood against R. V. Hoffmann, as Tax Collector. Judgment for plaintiff, and defendant appeals. Affirmed.

W. A. Keeling, Atty. Gen., and W. W. Caves, Asst. Atty. Gen., for appellant.
B. F. Teague, of Brenham, for appellee.

PLEASANTS, C. J. This is a suit for mandamus brought by appellee against appellant in his official capacity to compel him to accept from appellee a sum of money tendered him as taxes, interest, penalties, and costs due for the year 1921 upon certain lots in the city of Brenham, and to issue to appellee his official receipt therefor.

The lots involved in this controversy, which are described as lots 2, 4, and 6, in block E, Washington Park addition to the city of Brenham, were rendered for taxes for the year 1921 by their then owners, E. H. Becker and wife, along with a number of other town lots and personal property. None of the taxes assessed upon the property so rendered were paid within the time required by the statute, and all of the property was returned or reported delinquent for the year be-

---

fore stated on the annual delinquent list of lands in Washington county.

As shown upon the tax rolls, the assessment is as follows:

| | |
|---|---|
| Lot 2, block E, Key's second addition....... | $ 600 00 |
| Lot 5-A, block 88.............................. | 1,500 00 |
| Lots 2-4-b, block E, Washington Park....... | 150 00 |
| Personal property ........................... | 1,320 00 |
| Total ........................................ | $3,570 00 |

The taxes assessed are:

| | |
|---|---|
| State tax ......................................... | $22 13 |
| County tax ........................................ | 39 27 |
| Poll taxes ........................................ | 3 50 |
| Total .......................................... | $64 90 |

In addition to this, at the date of trial there was claimed:

| | |
|---|---|
| Penalty ............................................. | $ 6 50 |
| Interest ............................................. | 1 30 |
| Costs ............................................... | 2 00 |
| Making a total of........................... | $74 40 |

After this assessment had been made and after the same became delinquent for the taxes of 1921, appellee became the owner by purchase of said lot No. 2 and was such owner at the time of the tender of payment aforesaid and at the time of the trial of this cause.

Because there was no separate valuation of lot 2, appellee offered to pay and tendered to appellant the taxes, interest, penalty, and costs accrued against the three lots, the amount so tendered being the correct pro rata of the taxes, interest, penalty, and costs accrued against all of the property rendered by Becker and wife for the year 1921, and also the poll taxes due by them.

The appellant declined to receive appellee's tender of payment and declined to issue to her a tax receipt therefor, on the ground that he could not and would not separate the assessment and could not and would not accept payment on any piece or parcel of the property embraced in said assessment unless the taxes, penalty, and interest upon the whole were paid.

The trial in the court below resulted in a judgment in favor of the plaintiff.

[1] Appellant assails the judgment on the ground that there is no statute authorizing or requiring him to accept the money tendered him by appellee and issue her his official receipt therefor, and not being under such statutory duty, he cannot be compelled by mandamus to comply with appellee's demands.

Article 7687a, Vernon's Civil Statutes (1922 Supp.) contains the following provision:

"Whenever any person or persons, firm or corporation shall pay to the tax collector all of the taxes, interest, penalties and costs shown by the delinquent tax records of the county to be due and unpaid against any tract, lot, or parcel of land for all the years for which said taxes may be shown to be due and unpaid, prior to the institution of suit for the collection thereof, it shall be the duty of the tax collector to issue to such person or persons, firm or corporation, a receipt covering such payment as is now required by law."

This provision of the statute is clear and unequivocal in its direction to the tax collector to accept the offered payment of the taxes, interest, penalties, and costs due and unpaid upon any lot, tract, or parcel of land as shown by the delinquent tax records of the county, at any time before suit is filed therefor, and to issue his receipt therefor.

Appellant contends that this statute is not applicable in this case because the lots upon which appellee offered to pay the taxes had not been placed on the delinquent tax records of the county, and until they had been so placed, and the pro rata part of all the taxes, interest, penalties, and costs due by the owner of the property who rendered it for assessment had been by the tax collector apportioned to the property upon which appellee offered to pay, the whole of such taxes, interest, penalties, and costs was an inseparable demand in favor of the state and secured by lien upon all of the property, and he was not authorized to release the lots claimed by appellee from the lien against them for any portion of the sum due the state.

This contention is based upon the distinction made by our statutes between the delinquent tax records as provided in article 7685, Vernon's Sayles' Civil Statutes, and the annual delinquent tax lists provided for by article 7692 of the statutes cited.

We cannot agree with appellant that the reference to the delinquent tax records of the county in the statute above quoted restricts its operation to property and taxes appearing upon such records as provided for in article 7685. When this article is considered as a whole, we think it clear that the annual delinquent lists and reports as therein provided for are intended to be included in the term "delinquent tax records." That a property owner is not required, under the provision of this article, to wait until the delinquent tax records, provided for in article 7685, are completed in order to obtain a release of his property by the payment of the sum due thereon for taxes, is shown by the provision which requires the tax collector to furnish, upon demand of any one for whatever purpose desired, a statement of the taxes due upon any particular lot or tract of land.

The evident intent and purpose of the statute is to facilitate and expedite the payment of delinquent taxes, and as far as possible reduce the costs of their collection.

It might be more convenient for the collector to wait until he had completed his delinquent tax records and apportioned on that the pro rata part of the taxes due upon each lot or tract of land delinquent, but the convenience of the officer must give way to the rights of the taxpayer.

[2] The suggestion in appellant's argument that the state has a lien on each tract or

parcel of land for all of the taxes assessed against the owner presents a question upon which there has been a conflict in the decisions of our appellate courts, but our Supreme Court, in the case of Richey v. Moor, 112 Tex. 493, 249 S. W. 172, has settled the question. After reviewing the authorities, the court in that case say:

"We conclude that the lien provided by section 15 of article 8 of the Constitution attaches only to each separate tract or parcel of land for the taxes assessed against it."

The conclusions above expressed require an affirmance of the judgment of the trial court, and it has been so ordered.

Affirmed.