## SMITH DETECTIVE AGENCY, Inc., v. SECURITY NAT BANK.   (No. 9052.)*

(Court of Civil Appeals of Texas. Dallas. March 8, 1924. Rehearing Denied April 5, 1924.)

1. **Appeal and error** ⊚⟹236(2)—**Overruling special exception to petition held not reversible error.**

Where petition in action for an overdraft carried with it the idea of but one item in the amount named, and on its face was not subject to special exception because it did not disclose the particulars of the overdraft, and, when it developed at trial that overdraft was result of numerous items, defendant, instead of claiming surprise and asking for continuance, met such proof with all evidence that was available to it, there was no reversible error in overruling exception.

2. **Evidence** ⊚⟹376(9)—**Predicate held properly laid for admission of books of account.**

In action by bank for an alleged overdraft, where head bookkeeper stated that, though he made none of the entries, constituting the items of the overdraft, they were correctly made, and books were those kept by bank in the regular transaction of its business, a sufficient predicate was laid to render them admissible.

3. **Appeal and error** ⊚⟹231(5)—**Objection to admission of documentary evidence held too general.**

In action by bank for an alleged overdraft, a general objection that no sufficient predicate had been laid for admission in evidence of cer-

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 28, 1924.
260 S.W.—18

tain entries made in plaintiff's books, showing the history of the transaction and establishing the overdraft, cannot be considered on appeal.

**4. Appeal and error ☞1011(1)—Finding of trial court on disputed issue of fact not reviewable.**

In action by bank for an alleged overdraft, where defendant's contention as to plaintiff's failure to give it credit for a certain item was a disputed issue of fact, trial court's finding thereon cannot be reviewed.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by the Security National Bank against the Smith Detective Agency, Inc. Judgment for plaintiff, and defendant appeals. Affirmed.

W. H. Graham, of Dallas, for appellant.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellee.

JONES, C. J. This suit was instituted in the district court of Dallas county by appellee, Security National Bank of Dallas, against Smith Detective Agency, Inc., and the trial of which resulted in a judgment in favor of appellee in the sum of $1,579.45, being principal and interest of an alleged overdraft made on said bank in favor of appellant.

The case was tried by the court without a jury, and no findings of fact or conclusion of law were requested of the court, and none filed in the case.

The facts upon which this judgment is based may be thus stated:

Appellee was a national bank, engaged in the usual business of such a bank in the city of Dallas, and appellant was a patron and depositor of the bank. Appellant carried two accounts, one that may be termed a general checking account, and the other a payroll account. The payroll account received its deposits from checks drawn on the general account, and were only drawn when it was necessary to make up a payroll and pay the employés. On July 15, 1920, appellant, through one of its employés or officers, presented to appellee a check for $1,639 drawn against the general account for deposit in the payroll account; the intention being to withdraw said sum of money from the general account and transfer it to the payroll account for the purpose of meeting the payroll. This check was charged against the general account, but, through some inadvertence, was again credited to this general account, and no transfer to the payroll account was made, with the result that each account was left standing as it did before the check was drawn. The checks issued against the payroll account came into the bank in a sum equal to $1,639, with no funds in said payroll account to pay them. The bank, however, cashed these checks, and thus created in the payroll account an overdraft in approximately the amount of said sum. This was done because of a previous understanding in reference to overdrafts that when reported they would be promptly taken up by appellant.

An officer of appellee called appellant over the telephone, and informed the one answering the telephone of this overdraft, to which surprise was expressed, for the reason, as stated, that the current payroll had been covered by a check drawn on the general fund. After an investigation by this officer of the bank, the error in bookkeeping was noted, and appellant again called to the telephone, and informed of the manner in which the overdraft had occurred, and the said officer stated that if given permission he would have the proper transfer made. This permission was given. The transfer, however, was not made on the books, for the reason that at that time the general fund was several hundred dollars below an amount necessary to cover this payroll overdraft, and the matter was carried as a cash item, expecting that appellant would in the near future make deposit to the general account sufficient to permit the transfer. This it appears was not done, and, after repeated conferences between persons representing appellant and appellee, respectively, all of the money that appellant had on deposit in both accounts was credited against the overdraft, and proper entries made on the books of the bank. These entries were made on the 2d day of October, 1920, when it appears for the first time the bookkeeping department of the bank showed a record of the overdraft. After this overdraft had been credited with the sums of money on deposit in the two accounts, there was left an overdraft in the sum of $1,408.14. Interest on this overdraft was allowed by the trial court from the 1st of January, 1921, which caused the judgment to amount to the sum of $1,579.45.

[1] Appellant's first assignment of error is directed against the action of the court in overruling a special exception directed against that portion of appellee's petition alleging the overdraft. The exception was to the effect that the said allegations did not set forth the particulars of the alleged overdraft, and did not give the items constituting same, nor did it state how the same arose; that by reason of such failures appellant was unable to ascertain what proof was expected to be offered by appellee to establish said allegations.

The allegation thus excepted to is as follows:

"On or about October 5, 1920, the defendant made overdraft upon the plaintiff in the amount of $1,408.14, which the plaintiff duly paid for

the account of the defendant, and which the defendant has failed and still now fails," etc.

This allegation on its face shows that appellant on the date named merely presented an overdraft in the amount of the sum stated in the allegation, and appellee paid said overdraft, and had not been repaid therefor. It carries with it the idea of but one item in the amount named, and hence, on the face of the petition, to which alone the trial court could look, and from which alone the judge of said court could inform himself as to the sufficiency of the petition, it was not subject to the demurrer urged against it. It developed in the trial of the case, however, that such was not the fact, and that said overdraft was the result of numerous checks drawn by appellant to discharge its payroll, and, accordingly, resulted from a failure of the bank to make a proper transfer of funds to the payroll account. When this proof under this allegation was offered, appellant could have claimed surprise and asked for a postponement or continuance of the case, if it was unable to meet the proffered proof to sustain the allegation of an overdraft. This it did not do, but met the proffered proof with all the evidence, so far as this record shows, that was available to appellant. Under this state of the case there is no reversible error. Brown Cracker & Candy Co. v. Johnson (Tex. Civ. App.) 154 S. W. 684; U. S. F. & G. Co. v. Henderson Co. (Tex. Civ. App.) 253 S. W. 835; Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822.

[2, 3] Error is also assigned on the action of the court in the admission in evidence of certain entries made in appellee's books showing the history of these transactions and establishing the alleged overdraft. When these entries were offered they were objected to by appellant on the general ground that no sufficient predicate had been laid. The court was not informed by this objection as to what was in the mind of appellant's attorney when he made the objection, or as to what predicate would be necessary to be laid to render the evidence admissible. It was shown before the evidence was offered, by the testimony of the head bookkeeper, that, though he made none of the entries, they were correctly made. The books appear to have been those kept in the regular transaction of the business of appellee. We think this predicate was sufficient to render the books admissible. Heid Bros. Inc., v. Commercial Nat Bank, etc. (Tex. Com. App.) 240 S. W. 908, 24 A. L. R. 904. However, the objection made was too general to be considered by this court. Bohanan v. Hans, 26 Tex. 445; Cabrera v. State, 56 Tex. Cr. R. 141, 118 S. W. 1058. This assignment is therefore overruled.

[4] Complaint is also made of failure of appellee to give to appellant credit of $1,000, half of the proceeds of a discounted note, which would have lessened the overdraft in said amount. This was a disputed issue of fact passed upon by the trial court, and, as he is sustained by substantial evidence in the case, this court cannot review the finding of the trial court against appellant on this issue.

It appears that during or about the time of this overdraft appellant owed a note to the bank in the sum of $1,000; that it executed a new note for $2,000. With the proceeds of this new note the old note was taken up, and no credit was given on the books of the bank for the other $1,000. Appellee's theory as to this transaction was that the said remaining $1,000 was delivered to appellant's agent attending to this matter, in cash, and testimony was offered to this effect. The said agent denied receiving the cash, but stated that said sum should have been placed to the credit of appellant's general account. This created a contested issue of fact, which it was the office of the trial court to decide, and this court cannot disturb the decision thereon.

The other assignments of error have been carefully considered by the court, and are found to contain no merit.

Finding no reversible error, it is the opinion of this court that the case should be affirmed.

Affirmed.

