## FREUDENSTEIN et al. v. VALLEY STATE BANK et al.

No. 9254.

Court of Civil Appeals of Texas. San Antonio.

Feb. 7, 1934.

Rehearing Denied March 7, 1934.

C. K. Richards and R. A. Dunkelberg, both of Brownsville, for appellant.

Goodwin & Goodwin, Ocie Speer, Fred H. Rogers, and Jay H. Brown, all of Austin, for appellees.

MURRAY, Justice.

This suit was brought by appellant, B. M. Freudenstein, trustee in bankruptcy for Valley Drug & Sundries Company, Inc., against appellees, Valley State Bank, James Shaw, as banking commissioner, and L. B. Hardin, as liquidating agent, for the sum of $15,000 alleged to have been borrowed from the bank on the joint note of John M. Green, S. Finley Ewing, and L. B. Holmes, and held on deposit by the bank as a special trust fund for Valley Drug & Sundries Company.

The trial was to a jury, but at the close of testimony for appellant the trial judge instructed the jury to find for appellees and entered judgment that appellant take nothing, from which judgment this appeal is prosecuted.

Appellant's cause of action must stand or fall upon the testimony of one witness, B. M. Holland. Holland had been named as a defendant, but was dismissed from the suit and at the time of testifying was not a party. He was called to the witness stand by appellant and testified that in January, 1931, he was an active vice president of the Valley

State Bank of Harlingen, and that he was also a stockholder in the Valley Drug & Sundries Company, Inc.; that the Valley Drug & Sundries Company, Inc., decided to increase its capital stock $30,000; that in order to do this it was necessary to convince the secretary of state that one-half of this stock had been paid for in cash. The drug company first wanted to borrow the money from the Valley State Bank, but Holland refused to let the company have the money. It was then agreed that if J. M. Green, L. B. Holmes, and S. Finley Ewing would sign a note to the bank for the sum of $15,000, Holland, as vice president of the bank, would issue a deposit slip showing a trust fund deposited in the bank in the sum of $15,000, which deposit slip could be attached to the application for the amended charter with increased capital stock, and after the amended charter had been granted, the deposit slip would be canceled and the note marked paid and returned to the signers. Holland further testified that this scheme was carried out as originally planned.

There are many assignments of error but this appeal really presents but one question which is, Did the trial judge properly direct a verdict for appellees?

■ It is well-settled law that a judge can only direct a verdict where the evidence raised no material fact issue or where the evidence is so overwhelming and one-sided that reasonable minds cannot differ as to the proper conclusion to be reached.

■■ Appellant contends that the witness Holland was an interested and adverse witness. We cannot agree with this contention. It is true that Holland was vice president of the bank, but he was also a stockholder in the drug company. The evidence does not disclose in which side Holland had the most interest. Both the bank and the drug company were insolvent, and it is quite possible that his interest in each corporation had been wiped out by insolvency. However, if Holland be regarded as an adverse witness, his testimony does not raise any fact issues. Appellant contends that where there are inconsistencies and contradictions in the testimony of an adverse witness a fact issue is raised, because the jury has the right to believe part of the testimony and disregard that which is inconsistent. This is quite true, but Holland's testimony is neither inconsistent nor contradictory. ●He tells a consistent story of a fictitious, simulated, and fraudulent transaction which was never intended to be real.

Appellant bases his cause of action upon the theory that this transaction was a bona fide, real, and legitimate loan by the bank of $15,000 to the drug company. The evidence offered by him conclusively establishes quite the contrary. There is nothing in the record which would estop the receiver of the bank from relying upon the true facts.

Appellant attempts to pick out isolated facts testified to by Holland and thus establish a prima facie cause of action. For instance, the fact that the note was signed and that the deposit slip was issued. These isolated facts are not at all contradictory of Holland's entire testimony, and not inconsistent with his statement that the entire transaction was fictitious.

■ Appellant further contends that the transaction was a scheme to defraud and mislead the secretary of state into issuing an amended charter to the drug company, and therefore illegal and void. We think appellant is right in this contention, and, the entire transaction being illegal and void, the courts will not enforce it but leave the parties exactly where it finds them, closing the door of the court to either party to such illegal and void transaction.

The judgment is affirmed.