**MATTHEWS v. McLEN et al.**

**No. 8807.**

Court of Civil Appeals of Texas. Austin.
June 28, 1939.

Rehearing Denied July 19, 1939.

Frank R. Graves, of Fort Worth, and Richard Koepnick, of Palestine, for plaintiff in error.

V. M. Johnston and E. V. Swift, both of Palestine, for defendants in error.

BAUGH, Justice.

This case arose as follows: On March 8, 1932, L. W. Matthews and wife executed and delivered to D. E. McLen a warranty deed to 142½ acres of land in Anderson County, Texas, for a recited consideration of $800 cash and the assumption by McLen of a note to the Federal Land Bank of Houston, Texas, secured by a deed of trust lien on said lands. McLen did not have this deed recorded. McLen died in August, 1933, leaving as his survivors his wife, a married daughter, and a minor son. After his death Mrs. McLen filed said deed for record and in April, 1934, for herself, joined by her daughter, and as guardian for her minor son, executed

to J. W. Pevey an oil and gas lease on said lands. Thereafter on May 1, 1934, L. W. Matthews and wife filed this suit to set aside said deed on the grounds that it was intended only as a mortgage to secure their indebtedness to McLen; that these lands constituted their homestead and that it was therefore void. While this suit was pending Mrs. U. A. Matthews died intestate, leaving as survivors, her husband and nine children. The defendants, in addition to general denial, impleaded these nine children by cross-action in trespass to try title to these lands. After this was done, these children conveyed to their father, L. W. Matthews, by warranty deeds their interest in their mother's estate, and filed disclaimers as against the cross-action.

Trial was to a jury on special issues in answer to which they found that the conveyance of March 8, 1932, was not intended as a mortgage; and that it was intended to convey title. The court thereupon rendered judgment that L. W. Matthews take nothing by his suit; that the defendants recover title and possession of said lands against L. W. Matthews and all of their nine children; and for other relief not involved in this appeal.

 The first contention presented is that it was error for the trial court to exclude, as in contravention of Art. 3716, R.S., the proffered testimony of Fleming Matthews and Alice Matthews, two of the children, as to the agreements made between L. W. and U. A. Matthews and D. E. McLen, at the time their father and mother executed the March 8th deed.

This contention must, we think, be sustained. After the death of U. A. Matthews, intestate, the children as heirs of her interest if any in said lands, were of course necessary parties to the cross-action of the McLens in trespass to try title.

The cases involving the application of Art. 3716, R.C.S., are legion. Its purposes are not only clear from the language of this statute itself, but are now well defined by the decisions. It now seems well settled that it inhibits testimony as to transactions with a deceased from proper or necessary parties to a suit who have some interest in the subject matter. That is, those who would stand to gain or lose something from the judgment to be rendered. This of course is what affords the motive or temptation to take advantage of the situa-

tion created by the death of a party to the transaction involved. The basis of the decisions seems now well settled that where that motive or temptation is removed, and the witness no longer has any interest in the subject matter which would influence his testimony, the inhibition of the statute no longer applies.

The two cases chiefly relied upon by defendants in error in support of the trial court's action in excluding this testimony are Macrae v. Poor, Tex.Civ.App., 48 S.W. 47; and King v. King's Unknown Heirs, Tex.Civ.App., 16 S.W.2d 160, 163. In the former the expression of the court's views on the issue was not the basis of its decision; and in the latter case, the holdings of the Court of Civil Appeals on this issue were reversed by the Supreme Court. See 34 S.W.2d 804. It was held in Oury v. Saunders, 77 Tex. 278, 13 S.W. 1030, 1032, that where parties to a suit "had, pending the suit, conveyed all interest they had in the land to plaintiffs" they were then competent to testify to transactions with the deceased.

The rule is clearly announced by Chief Justice Gallagher in Albritton v. Commerce Farm Credit Co., Tex.Civ.App., 9 S.W.2d 193, 196, affirmed by the Supreme Court in 17 S.W.2d 784, as follows: "When a party to such a suit has disclaimed any interest in the property involved therein, or has been divested of any interest in such property by a voluntary conveyance to another without warranty, or by a valid conveyance thereof by a trustee or otherwise, such party thereupon becomes only a nominal party to such suit, and competent to testify concerning transactions with and statements by the deceased affecting the issues involved therein." This rule was also applied in Posey v. Varnell, Tex.Civ.App., 60 S.W. 2d 1057, 1058. See also Gurley v. Hanrick's Heirs, Tex.Civ.App., 139 S.W. 721, writ refused, Hanrick v. Hanrick, 110 Tex. 59, 173 S.W. 211; Richards v. Hartley, Tex.Civ.App., 194 S.W. 478. While the heirs of U. A. Matthews were, after her death necessary parties to the defendants in error's cross-action, after they had conveyed to L. W. Matthews their interest in the subject matter of the suit, and had filed disclaimers, they became merely nominal parties, and without further interest in the subject matter. Consequently, the testimony offered was not in contravention of the statute and should have been admitted.

■ Defendants in error also urge that because the testimony showed that they executed warranty deeds to their .father, they became liable on their warranties, and interested in any judgment against him to that extent and consequently barred from testifying, under the holding in Gee v. Jernigan, Tex.Civ.App., 83 S.W.2d. 1102. The rule announced in that case does not here apply. The deeds from the children to their father were lost and of course not in evidence. While there was testimony that these were warranty deeds, the testimony also showed that they conveyed to the father only whatever interest their mother had in the property. Consequently, they were not absolute warranties of title on which the children would have been liable should L. W. Matthews not recover. If their mother had no interest in the property, these deeds conveyed none. If she did. have, the deeds passed that interest. Manifestly no liability against the children to their father, if the McLens obtained title through the deed of March 8, 1932, would arise against them in either event; and this fact would not, therefore, make them such interested parties as to bring them within the inhibitions of this statute.

■ Plaintiff in error also complains of the refusal of the trial court to permit him to testify, in effect, that the payment by his sons, to whom he had rented said lands after the deed of March 8, 1932, of rents thereon to Mrs. McLen after the death of D. E. McLen, was in accordance with the agreement made between him and D. E. McLen at the time the. deed was executed. We are of the opinion that this also was error. Of course, L. W. Matthews could not testify as to his transactions with D. E. McLen, deceased, unless called by the opposite party. But when the attorneys for Mrs. McLen undertook to show by him on cross examination that, even though he had remained in possession of these lands and had rented same to his sons, they had paid cotton rents to Mrs. McLen, they thereby waived the protection of the statute as against any explanation by L. W. Matthews as to why these rents were paid to Mrs. McLen. Testimony as to such payments was offered for the purpose of showing that L. W. Matthews recognized absolute title by virtue of the deed of March 8, 1932, in D. E. McLen. Taken alone, without explanation, it would be cogent evidence to that effect. If, however, as Matthews contended, it was the agreement with McLen that McLen should have the rents to apply on Matthews' debt to him and to take care of Matthews' interest payments to the Federal Land Bank, and not as a landlord; the probative force of such facts becomes entirely different. Under these circumstances, therefore, and in the light of Matthews' pleading and proof, otherwise offered, we think that when counsel for Mrs. McLen on cross examination of Matthews elicited testimony from him on the question of rent payments to Mrs. McLen, they thereby waived the protection of Art. 3716 to that extent and Matthews should have been permitted to state why such rents were so paid to Mrs. McLen. Reynolds v. Reynolds, Tex.Civ. App., 224 S.W. 382; Huggins v. Myers, Tex.Civ.App., 30 S.W.2d 565; 14 Tex. Jur., § 544, p. 329.

■ Plaintiff in error also complains of the failure of the court to submit to the jury requested special issues inquiring whether the notary explained to Mrs. Matthews that the deed, though absolute in form, was in fact to be executed and delivered only as security for the debts owed by L. W. Matthews to D. E. McLen. Without discussing at length this contention, it is clear, we think, that the issues as submitted, the execution of the deed not being denied, embodied the only questions raised by the pleadings and the proof. That is, whether this instrument, conveying title to the lands, was intended by the parties thereto as a mortgage; or as a conveyance of title. It was not necessary, therefore, to submit the issues requested, as they were necessarily comprehended in those submitted.

In view of a reversal on the grounds stated, it is unnecessary to discuss the other contentions made by plaintiff in error.

For the reasons stated, the judgment of the trial court is reversed ·and the cause remanded for another trial.

Reversed and remanded.