### MATTHEWS v. WILSON.

### No. 3690.

Court of Civil Appeals of Texas. Beaumont.

June 5, 1940.

Rehearing Denied June 12, 1940.

Will R. Saunders, of Dallas, for appellant.

Kennemer & Armstrong, of Dallas, for appellee.

COMBS, Justice.

This is an appeal from a judgment of the 101st Judicial District Court, Dallas County, in which the appellant, who was defendant in the court below, complains of the action of the trial court in overruling his plea of privilege. The suit was on two promissory notes aggregating $850, and for foreclosure of a chattel mortgage lien on fifty head of cattle of the alleged value of $2,000. The notes were payable in Dallas County. The defendant filed a plea of non est factum, among other defenses. The trial of the plea of privilege was to a jury. The plaintiff took the stand and testified to the due execution of the notes and mortgage by the defendant and they were introduced in evidence. Defendant did not testify or offer any evidence in rebuttal to plaintiff's case. At the conclusion of the evidence the trial court entered judgment overruling the plea of privilege without submitting any issues to the jury.

The appellant's contention here is simply to the effect that the pleading and evidence raised an issue of fact for the jury as to whether or not he signed the notes and mortgage. It is contended that plaintiff gave certain testimony which he contradicted on cross-examination; that the handwriting of the signatures on the two notes differs in certain respects, and that since the only testimony tending to establish due execution of the notes and mortgage by the defendant came from the plaintiff, an interested witness, the issue

was not conclusively established, but should have been submitted to the jury.

We overrule the assignments. We think the minor discrepancies were not of a nature to discredit the plaintiff's testimony. The notes and mortgage were introduced in evidence. The signatures are not before us for examination and presumably the trial court concluded that the alleged differences were not such as to cast doubt on the genuineness of the signatures. The general rule to the effect that the uncorroborated testimony of an interested witness does not conclusively establish a fact is subject to certain exceptions. One of these exceptions is that where the testimony of such witness is such that it might readily be discredited if it were not true, and the adverse party offers no disparaging proof, it may be accepted as conclusively establishing the fact. Luling Oil & Gas Company v. Edwards, Tex.Civ. App., 32 S.W.2d 921; Taylor-Link Oil Company v. Anderson, Tex.Civ.App., 92 S. W.2d 499. The defendant could have taken the stand and denied the execution of the notes and mortgage if he had cared to do so. Since he did not elect to do that, we think the trial court properly held that there was no issue to go to the jury.

The judgment of the trial court is affirmed.

Affirmed.