## EATON v. RUTHERFORD.

### No. 11158.

Court of Civil Appeals of Texas.

San Antonio.

May 13, 1942.

Rehearing Denied June 10, 1942.

248

W. H. Kennon and Neil E. Beaton, both of San Antonio, for appellant.

Baker, Botts, Andrews & Wharton, Vinson, Elkins, Weems & Francis, and Thomas Fletcher, all of Houston, for appellee.

MURRAY, Justice.

This suit was prosecuted in the trial court by P. R. Rutherford, as successor of Rutherford Oil Corporation, against Clayton H. Eaton, seeking to recover one-fourth of the cost of reconditioning certain oil wells located in Aransas County.

The trial began to a jury, but resulted in a judgment based upon a peremptory instruction in favor of Rutherford and the Moran Corporation of the South in the sum of $5,180.69 and interest, together with a foreclosure of an equitable lien upon the interest of Clayton H. Eaton in the two oil and gas leases fully described in the judgment. There are other provisions in the judgment not necessary to here mention.

From the judgment of the trial court Clayton H. Eaton has prosecuted this appeal.

Under the contract upon which this suit is based it was the duty of appellee to pay the cost of drilling the wells and after they were completed it was the duty of Eaton to pay one-fourth of the cost of operating the wells. Appellant contends that the "Workover" charges were no part of the operating expenses. We overrule this contention. The record shows that appellee, Rutherford, paid all costs of drilling the wells and after they had been in operation it was decided to "workover" the wells. This cost is certainly no part of the expense of drilling the well, but is properly classified as operating expense.

Appellant contends that the claim against him was not properly proven, as this is not such a suit as may be established by a sworn account. Appellee did not attempt to prove his claim by a simple sworn account. Appellee brought into court two trunks full of books, papers, invoices, etc., which it was contended would show the amount due. Appellee then put two expert accountants upon the witness stand, who testified to the correctness of a compilation made by an expert accountant from voluminous and complex books, records and invoices covering many transactions over many years. The books, records, invoices, etc., were offered in evidence and for the inspection of appellant. A two-day recess was taken by the court to give appellant and his counsel an opportunity to examine these records, and the court instructed one O. N. Roberts, bookkeeper for appellee, who had testified the book had been kept by him and under his direction, to keep himself available and render to appellant any assistance he might require in examining the records. It was further shown that under the contract it was appellee's duty to furnish appellant copies of invoices as obligations were created. Neither appellant nor his counsel availed themselves of this opportunity to examine these records, neither did they point out any specific objection to the compilations offered in evidence. Under all the circumstances the compilation was admissible in evidence and was prima facie evidence of appellee's cause of action. Joy v. Fakes Furniture & Carpet Co., Tex.Civ.App., 286 S.W. 611; Heid Bros. v. Commercial Nat'l. Bank, Com. App., 240 S.W. 908, 24 A.L.R. 904; Smith Detective Agency, Inc. v. Security Nat'l.

Bank, Tex.Civ.App., 260 S.W. 273; Cochran v. Hamblen, Tex.Civ.App., 215 S. W. 374.

◼ Appellant next contends that inasmuch as all the witnesses were interested parties the court should have submitted their creditability to the jury and not have given a peremptory instruction. We overrule this contention. The bookkeeper Roberts was not shown to be an interested witness, and even if he were an interested witness the testimony of appellee, being positive, clear and uncontradicted, the trial judge was justified in giving a peremptory instruction. Taylor-Link Oil Co. v. Anderson, Tex.Civ.App., 92 S.W. 2d 499; United Employers Casualty Co. v. Barker, Tex.Civ.App., 148 S.W.2d 260; Trinity Gravel Co. v. Cranke, Tex.Com. App., 282 S.W. 798; American Surety Co. v. Whitehead, Tex.Com.App., 45 S.W.2d 958; Century Ins. Co. v. Hogan, Tex. Civ.App., 135 S.W.2d 224; Matthews v. Wilson, Tex.Civ.App., 141 S.W.2d 747; Great Southern Life Ins. Co. v. Dorrough, Tex.Civ.App., 100 S.W.2d 772, 773; Freudenstein v. Valley St. Bank, Tex.Civ. App., 68 S.W.2d 567, writ refused.

◼ Appellant also complains because appellee was given a foreclosure of an implied equitable lien against the oil and gas leases involved. The trial court properly established and foreclosed this implied equitable lien. The "workover" was done for the benefit of the leasehold estates and when appellant failed to pay his part of these charges promptly, as he agreed to do, appellee was entitled to the foreclosure of his implied equitable lien against the leasehold estates and the revenues therefrom. The provisions of the contract herein imply an equitable lien as well as the relations of the parties and the circumstances of their dealings. 17 R.C. L. p. 605, paragraph 14; Houston Nat. Exchange Bank v. LeBlanc, Tex.Civ.App., 247 S.W. 897; Jacks v. Manning, Tex.Civ. App., 297 S.W. 588; McAllen Cafe v. Chris Automatic Dishwasher Co., Tex.Civ.App., 9 S.W.2d 753; Longhart Supply Co. v. Keystone Pipe & Supply Co., Tex.Civ.App., 26 S.W.2d 389; Moore v. Steele, 67 Tex. 435, 3 S.W. 448; Panhandle Nat'l. Bank v. Emery, 78 Tex. 498, 15 S.W. 23; Williams v. De-Baca, Tex.Civ.App., 113 S.W.2d 566.

Accordingly, the judgment will be affirmed.