William H. MILLER, Appellant,

v.

M. L. LEVY, Appellee.

No. 12988.

Court of Civil Appeals of Texas.

Galveston.

May 17, 1956.

Rehearing Denied June 7, 1956.

Peter P. Cheswick, Houston, for appellant.

Fermon T. Walton and Abe Gollob, Houston, for appellee.

HAMBLEN, Chief Justice.

Appellant, William H. Miller, recovered a judgment in the District Court of Harris County in the sum of $3,000 against Mac's Ween'r Snac, Inc., a Texas corporation. Execution issued thereon and delivered to the Sheriff of Harris County was returned by such officer with the notation that there could not be found any property whereon to levy same. Appellant thereupon filed a motion in the court in which the judgment was rendered asking that the court order execution to issue against appellee, M. L. Levy, one of the stockholders of Mac's Ween'r Snac, Inc., under the provisions of Art. 1345, Vernon's Ann.Civ.Tex.St. After a hearing, the trial court denied such motion. This appeal is from such action by the trial court.

Appellant's single point of error is as follows: "Trial court erroneously entered judgment against appellant based on its declared findings of fact and on evidence elicited from appellant on cross-examination." We overrule such point.

In its order denying appellant's motion, the trial court incorporated findings of fact and conclusions of law, which, because they are so succintly and conclusively determinative of this appeal, we quote in full as follows:

1.

"That petition William H. Miller seeks such order of execution against M. L. Levy under the provisions of Article No. 1345 of the Revised Civil Statutes of Texas, 1925 Revision and bases his right for such order on the premise that M. L. Levy subscribed for $12,500.00 A stock and failed to pay such subscription.

2.

"The Court finds that on or about the 25th day of August, A. D. 1949, petition, William H. Miller, M. L. Levy and E. Louis Morris did execute and acknowledge Articles of Incorporation for Mac's Ween'r Snac, Inc., wherein all three parties recited that Wm. H. Miller had paid the sum of $12,500.00 in cash for subscribed stock and M. L. Levy had paid in cash the sum of $12,500.00 for subscribed stock, and that on such date William H. Miller, M. L. Levy and E. Louis Morris did make written affidavit in which they swore that said sums of $12,500.00 were paid to such corporation by each of the said William H. Miller and M. L. Levy.

**3.**

"That such application for Charter and the accompanying affidavit of William H. Miller and M. L. Levy and E. Louis Morris, together with a deposit slip showing the deposit in the Houston National Bank of Houston, Texas, of the sum of $25,000.00 to the credit of the proposed Corporation, were sent by the said William H. Miller, M. L. Levy and E. Louis Morris to the Secretary of State of the State of Texas, who acted thereupon and did issue the Charter to the Corporation on August 31st, 1949.

**4.**

"That at or immediately after such Corporate Charter was received by William H. Miller, M. L. Levy and E. Louis Morris, the said William H. Miller, M. L. Levy, as stockholders, directors and officers of said Mac's Ween'r Snac, Inc., held a special meeting of Directors of said Corporation on September 7th, 1949, at which meeting in which all of said parties actively participated in passing a resolution wherein the corporation made a loan from its capital of the sum of $12,500.-00 to William H. Miller and $12,500.00 to M. L. Levy, its officers and directors.

**5.**

 "That plaintiff William H. Miller contends that the deposit of $25,000.00 made by himself and M. L. Levy was a simulated transaction and was made, as well as the affidavit accompanying the application for Charter, to induce the Secretary of State to issue a Charter to the Corporation. For such reason the Court finds that the entire transaction seems to have been a scheme to defraud and mislead the Secretary of State into issuing a Charter to the Corporation and the entire transaction was illegal and void and the issuance of such affidavit accompanying the application for Charter, if the facts stated therein are false, as contended by plaintiff, its effect would violate the penal code [Vernon's Ann.P.C. art. 310 et seq.]

against unlawful swearing and false affidavits; and the Court finds that both William H. Miller and M. L. Levy having both participated in such acts the Court should leave both parties where it finds them and closes the door of the Court to both parties to such illegal and void transaction."

An examination of the record before us reflects that each finding made by the trial court is conclusively established by the evidence. The only witness was the appellant. We construe appellant's point to be directed solely to the conclusions reached by the trial court, and to in no way attack the findings.

The order of the trial court appears to be clearly correct for the reason assigned therein. Freudenstein v. Valley State Bank, Tex.Civ.App., 68 S.W.2d 567 (writ ref.).

 Aside from that, however, appellant had the burden of proving that appellee's stock subscription was unpaid. McFarland v. Martin & Moodie, Tex.Civ. App., 86 S.W. 639. The evidence conclusively establishes the contrary.

Affirmed.