Mildred Faye CHANDLER, Appellant,

v.

Ida BESSINGER, Appellee.

No. 7519.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 20, 1965.

Sheehan & Conner, Friona, for appellant.

Brown & Shuman, Lubbock, for appellee.

NORTHCUTT, Associate Justice.

For convenience we will use the statement made by appellee as to the nature and result of this case as follows:

This is a suit by Ida Bessinger, a widow, against Mildred Faye Chandler, individually and as Administratrix of the Estate of James H. Chandler, deceased. Ida Bessinger was the mother of James H. Chandler, deceased, and alleged in her petition that she filed a claim for $8,240.00 against the estate of James H. Chandler with Mildred Faye Chandler, Administratrix, of his estate, but that said claim was rejected and that the suit in question was filed to perfect a claim against the estate of James H. Chandler and against Mildred Faye Chandler, individually, and to establish a constructive trust on real and personal property belonging to the estate situated in Parmer County, Texas. The petition then followed with a specific allegation of ownership by Ida Bessinger of a specific numbered savings and loan association certificate for $5,000.00, which she delivered to her son, James Chandler, for safekeeping. The petition further alleged that Ida Bessinger delivered $3,000.00 cash to her son with instructions to place the same in the Littlefield Federal Savings & Loan Association in her account so that she would have a total of $8,000.00 in her account. It then alleged that contrary to Plaintiff's instructions and without her knowledge or consent that her son, James H. Chandler, delivered the numbered certificate and the $3,000.00 check to said association and ob-

tained the cancellation of the old certificate and the issuance of a new certificate for $8,000.00 under the name of Mrs. J. H. Chandler and/or James Chandler. The petition alleged a lack of authorization for this action. It also alleged an absence of knowledge on the part of the Plaintiff relative to these transactions. It further alleged the absence of a gift or intention to make a gift relative to this transaction. It further alleged that the new certificate was surrendered for cancellation by James Chandler without the knowledge, consent or authorization of Mrs. Bessinger (who was also known as Mrs. J. H. Chandler) and that upon cancellation of such certificate a check was issued payable to the order of Mrs. J. H. Chandler (one and the same person as Ida Bessinger) and James Chandler for $8,000.00, which was deposited to the account of James Chandler in the Security State Bank & Trust Company of Littlefield, Texas, and was paid to his account. The check was endorsed in the name of Mrs. J. H. Chandler but the petition denied that the endorsement was made by Mrs. Chandler (Mrs. Bessinger) or anyone authorized by her.

Upon the trial of the case proof was made relative to all of these allegations concerning the transactions surrounding the issuance and surrender of these various certificates.

Upon the trial of the case and after the presentation of all of the evidence, the jury was retired under the charge of the court and in answer to special issues submitted by the court answered that Ida Bessinger was the owner of the $8,000.00 investment certificate at the time the same was surrendered for cancellation, that James Chandler converted the cash proceeds paid upon the surrender of said certificate but that Ida Bessinger did not at any time give to James Chandler her right, title and interest in and to said investment share certificate in the amount of $8,000.00. Based upon these findings of the jury the court entered judgment for the Plaintiff, Ida Bessinger, against the Defendant, Mildred

Faye Chandler as Administratrix of the estate of James H. Chandler, deceased, for the sum of $8,000.00, together with interest thereon at the rate of six per cent (6%) per annum from January 1, 1962, until paid, to be paid out of the funds of said estate in due course of administration, together with costs in this action, to be paid in the same manner.

■ This appeal is presented upon two assignments of error. Appellant's first point is that the court erred in permitting the plaintiff to introduce in evidence her Exhibit No. 8 without first establishing a proper predicate as provided in Vernon's Ann.Tex.Civ.St., Article 3737e. Plaintiff's Exhibit 8 was the record kept by the bank of the account of James Chandler showing the deposits received and the checks paid. Mr. Jim Copeland, cashier of the bank, was the witness testifying as to the exhibit. He was not the cashier when the deposits were made and had been cashier for only two weeks prior to the date of the trial. He testified he was in charge of all the records of the bank and the records kept by the bank before he became cashier were turned over to him. (It was agreed that copies would be here used instead of originals). He testified that he had with him the records of the bank relative to deposits and had the records of James Chandler's account and that such ledger records that he had in his possession were customarily kept by the bank and were kept in the regular course of business as a part of the records of that bank. This testimony was objected to and was sustained at the time because the records had not been admitted in the evidence. Then the witness testified Exhibit 8 was the ledger sheet of James Chandler that he had been testifying about and that was ordinarily kept in the ordinary course of business of the bank and were the records he was custodian of and responsible for the proper keeping. There were considerable other questions and cross-questions asked of the witness before the exhibit was admitted. The exhibit as well as the evidence of Mr. Copeland showed a

deposit of $8,000.00 to the credit of the account of James Chandler as being made on January 2, 1959. When these records were offered the appellant objected on the grounds that the proper predicate had not been laid and proper foundation under the Business Records Act and that Mr. Copeland was not qualified under V.T.C.S., Article 3737e.

It is stated in Tex.Jur.2d, Sec. 55, p. 90, as follows:

"Judicial notice is taken by the courts of both state and federal laws concerning banking, and of commonly known banking methods and procedures. Thus, it is known judicially that banks keep complete records of all transactions relating to the deposit of money; * * *"

We are of the opinion, and so hold, that when the cashier testified Exhibit 8 was the ledger records customarily kept by the bank and were kept in the regular course of the business as part of the records of that bank, the same was admissible. Heid Bros. v. Commercial Nat. Bank, Tex.Com. App., 240 S.W. 908, 24 A.L.R. 904.

It is stated in Smith Detective Agency v. Security Nat. Bank, Tex.Civ.App., 260 S.W. 273 (writ dismissed) as follows:

"When these entries were offered they were objected to by appellant on the general ground that no sufficient predicate had been laid. The court was not informed by this objection as to what was in the mind of appellant's attorney when he made the objection, or as to what predicate would be necessary to be laid to render the evidence admissible. It was shown before the evidence was offered, by the testimony of the head bookkeeper, that, though he made none of the entries, they were correctly made. The books appear to have been those kept in the regular transaction of the business of appellee. We think this predicate was sufficient to render the books admissible. Heid Bros. Inc., v. Commercial Nat. Bank,

etc. (Tex.Com.App.) 240 S.W. 908, 24 A.L.R. 904. However, the objection made was too general to be considered by this court. Bohanan v. Hans, 26 Tex. 445; Cabrera v. State, 56 Tex. Cr.R. 141, 118 S.W. (1054) 1058. This assignment is therefore overruled."

The introduction of Exhibit 8 was to show $8,000.00 was deposited to the account of James Chandler on January 2, 1959. Appellant did not point out in any manner an objection to the amount of the $8,000.00 deposited nor any other place the deposit came from. Eaton v. Rutherford, Tex.Civ. App., 163 S.W.2d 247 (writ refused wm).

■ If we be in error in holding the exhibit was properly admitted, it would be harmless error because the check for the $8,000.00 and the deposit slip showing James Chandler deposited the $8,000.00 to his account on January 2, 1959, in the bank were introduced in evidence and were before the jury. See Daniels v. United States Rubber Co., Tex.Civ.App., 199 S.W.2d 533 (N.R.E.) where it is stated:

" 'It would seem that the time has come to make a third logical extension of the rule, and to require for the admission of an entry or record merely the evidence of any competent person that the entry was made in the regular course of business, and as a part of the records of some establishment. Nonproduction of the person who made it, or any other circumstances, should be matters affecting the weight and not the admissibility of the entry.'

"If it was error for the court to admit Pixley's testimony, it was a harmless one, since the auditor in making his audit used the books in making it and his audit was based at least in part upon the information he secured from the records of the Rubber Company and said audit was before the jury, so we believe that if it was error at all, it was not of such magnitude as to cause a reversal of this case."

Appellant's first point of error is overruled.

■ Appellant's second point is that the case should be reversed for the reason that testimony of plaintiff was allowed in evidence which related transaction with a deceased person in violation of the so-called Dead-Man's Statute, Art. 3716, V.T.C.S., over proper objection to the same by defendant. The testimony and proceedings complained of under this point as being in violation of Art. 3716 took place on redirect examination by appellee's attorney as follows:

"Q. Now, I want to ask you about some very specific things. Mr. Conner said here awhile ago that anything that—that they would like to know and felt that the jury would like to know anything pertinent to this, would be interesting. Now, I want us to tell him something pertinent to this. I want to ask you about this $12,000.00 that you said you lost. I want you to tell us what happened to that $12,000.00.

A. Well, my son borrowed it from me—

MR. CONNER: Your Honor, I object—

A. —and he signed a note and she signed a note for it.

MR. CONNER: Your Honor, I object to the testimony on the basis of Article 3716, transactions between the deceased person and a party to the suit.

MR. BROWN: And I submit, Your Honor, that they have asked and demanded to know, and we say that they have waived any protected given them by the named article and that we are entitled to a right to explain what happened, because they asked and asked and asked, when she tried her best to avoid it. Now, I am saying that we have a right to explain to this jury the things they were asking about.

THE COURT: The objection is overruled.

MR. CONNER: Note my exception.

Q. Now, Mrs. Bessinger, would you tell us some of the details about that $12,000.00 that you loaned to your son?

A. Well, I loaned it to him after I had sold my home, and he bought a lot of cars, and he didn't have the money to pay for them, and so I loaned it to him, and she signed the note and he signed the note, and—

Q. And where was that?

A. —and the note—that was in Littlefield, Texas, when they lived there.

Q. All right. Now, where is that note?

A. Well, it disappeared, I guess, like everything else, it was in the safe and it disappeared. There wasn't nothing in there that I got to see anything of.

Q. In whose safe?

A. In James'es safe. She got her brother-in-law and they went through the safe, and they never showed me or told me nothing after he passed away.

Q. Have you ever been paid that $12,000.00?

A. I haven't been paid a penny of it.

Q. Any part of it?

A. Any part of it.

Q. Do you know when you made the loan of the $12,000.00?

A. Well, I don't remember the date.

Q. But you know that you did have a note signed—

A. Yeah.

Q. —James and his wife.

A. I had a note from both of them, I certainly did."

None of these matters had been gone into until appellant on cross-examination kept questioning appellee about her financial condition and the loss of $12,000.00 until appellant stated she could tell where it went but she was not supposed to. Then appellant's attorney stated: "Yes, well, we don't want you to tell anything that you are not supposed to, but if there is anything pertinent to this case, we certainly would appreciate your giving that information, Mrs. Bessinger, you understand, don't you?" We believe that after appellant continued to try to show appellee fraudulently received old-age assistance and was trying to hide what became of the $12,000.00 and questioning her by asking if she did not steal her son's baby from the hospital and adopt it out, if she did not kill a man and if she did not threaten to kill her son's wife and daughter, that appellee was entitled to show that her son borrowed the $12,000.00.

The $12,000.00 was not involved in this suit and was only brought into the case by appellant's attorney on cross-examination. The appellee did not testify as to any transaction with her deceased son involving the $8,000.00 sued for in this case.

Appellant brought out these matters on cross-examination in such a way as that appellee's counsel had the right to bring out the details and explain or qualify the same in any manner which was justified by the facts and which he determined necessary. Bethel v. Yearwood, Tex.Civ.App., 142 S.W.2d 927 (writ dismissed, judgment correct); Adam v. Adam, Tex.Civ.App., 127 S.W.2d 1001; Matthews v. McLen, Tex.Civ.App., 131 S.W.2d 24; Reyes v. Escalera, Tex.Civ.App., 131 S.W. 627; Reynolds v. Porter, Tex.Civ.App., 54 S.W.2d 1086. See also Re Estate of Merton E.

House, Deceased, Anna Cole Leflang v. W. Rollin Smith, Administrator, 159 A.L.R. 401, and the many cases there cited. We are of the opinion, and so hold, that appellant waived any benefit she might have had under Article 3716 by her cross-examination of appellee.

Judgment of the trial court is affirmed.